FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 APR -8 PM 4:04

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANE MURRAY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CASE NO. ) |
| JUSTUS RENTAL PROPERTIES, INC. d/b/a CRESTWOOD VILLAGE, | ) 1:11-cv-0480 SEB-DML ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Action.

1. Diane Murray alleges that her employer, Justus Rental Properties, Inc. d/b/a Crestwood Village ("Justus"), violated her rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").

### II. The Parties.

2. Diane Murray ("Murray") is a citizen of the United States who currently resides, and at all times relevant to this action did reside, within the geographical boundaries of the Southern District of Indiana.

3. Justus is a corporation which maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. Jurisdiction and Venue.

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1981, and 42 U.S.C. 2000e-5(f).

5. Justus is an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

6. At all times relevant to this action, Murray was an "employee" as defined by 42 U.S.C. 2000e(f).

7. Justus is an "employer" as defined by 42 U.S.C. 2000e(b).

8. Murray satisfied her obligation to exhaust her administrative remedies by timely filing a charge of discrimination against Justus with the Equal Employment Opportunity Commission ("EEOC"), receiving an appropriate Notice of Right to Sue with respect to the charge, and filing this Complaint within ninety (90) days after receiving said Notice of Right to Sue.

9. All events pertinent to this lawsuit having occurred in the geographic confines of the Southern District of Indiana, venue in this Court is proper.

### IV. Factual Allegations.

10. Murray is African American.

11. Murray began employment with Justus on or about November 22, 2000. She is employed at Justus's Ctrestwood Village assisted living center as a certified nursing assistant.

12. At all times relevant to this action, Murray met or exceeded Justus's legitimate employment expectations.

13. Murray's immediate supervisor was Kathy Traskey ("Traskey"). Traskey is Caucasian.

14. Shortly after Traskey became Murray's supervisor, Traskey began to subject Murray to disparate treatment, and to harassment because of Murray's race.

15. Traskey's harassment including cutting Murray's schedule to eight days per pay period, while all other CNAs were scheduled to work either eight or nine days per pay period.

16. Traskey also refused to allow Murray the opportunity to work overtime, while offering Linda Parrett ("Parrett"), a Caucasian CNA who worked virtually the same shift as Murray, to work overtime when it was available, and frequently refused to speak to Murray, except on work-related matters, while engaging in social conversations with Parrett, often in Murray's presence. Additionally, Murray was paid less than similarly-situated Caucasian employees who were less qualified and had less seniority than Murray.

17. Murray complained of the disparate treatment to Justus's Administrator, Clyde McCormick ("McCormick"), who is also Caucasian. Although McCormick told Murray that he would "have to talk to [Traskey]" about the situation, nothing was done to address the disparate treatment and harassment, and Murray's schedule remained at eight days per pay period.

18. Following Murray's complaint to McCormick, Traskey's harassment not only continued, but escalated. Traskey began to criticize Murray for non-existent infractions, such as "leaning" on the meal cart.

19. Traskey, who was responsible for adding up employees' hours on their time cards, frequently attempted to "short" Murray by not counting all the hours Murray worked.

20. In September 2009, Traskey and McCormick forced Murray to sign an unwarranted and inaccurate written reprimand or be terminated.

21. On January 7, 2010, Traskey allowed Parrett to leave work at 9:00 a.m., for personal reasons. Instead of assisting Murray to cover Parrett's duties, as was the normal practice, Traskey intentionally avoided going to Murray's work area to assist.

22. At the conclusion of the shift on January 7, 2010, Traskey accused Murray of failing to "clear" her pages of calls from residents.

23. Murray thereupon informed Traskey that she was behaving in a racially

discriminatory and biased way.

24. Traskey responded by ordering Murray to "get out of here." Approximately three hours later, Traskey telephoned Murray and told her she was terminated without giving a reason.

## V. Legal Allegations

### Count One - Race Discrimination in Violation of Title VII.

25. Murray hereby incorporates paragraphs one (1) through twenty-four (24) of this Complaint.

26. Defendant's actions discriminated against Murray on the basis of race, in that similarly-situated Caucasian employees were treated more favorably with respect to the terms and conditions of employment than Murray.

27. Justus acted intentionally, willfully, with knowledge that its actions violated federal law, and/or with reckless disregard for Murray's legally protected rights when it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

28. Murray has suffered harm as a result of Justus's unlawful acts.

### Count Two - Race Discrimination in Violation of 42 U.S.C. § 1981

29. Murray hereby incorporates paragraphs one (1) through twenty-eight (28) of this Complaint.

30. Murray had an employment relationship with Justus that was contractual in nature.

31. Justus discriminated against Murray because of her race in violation of 42 U.S.C. § 1981 when it subjected her to terms and conditions of employment that were less favorable and/or more onerous than those afforded to employees who were not African American.

32. Justus's unlawful actions were intentional, willful, and done in reckless disregard

of Murray's rights as protected by Section 1981.

### Count Three - Retaliation in Violation of Title VII

33. Murray hereby incorporates paragraphs one (1) through thirty-two (32) of this Complaint.

34. Justus unlawfully retaliated against Murray for opposing conduct made illegal by 42 U.S.C. § 2000e, *et seq.*, by terminating her employment.

35. Justus's unlawful actions were intentional, willful, and done in reckless disregard of Murray's rights as protected by Title VII.

### Count Four - Retaliation in Violation of Section 1981

36. Murray hereby incorporates paragraphs one (1) through thirty-five (35) of this Complaint.

37. Justus unlawfully retaliated against Murray for engaging in protected conduct, thereby violating 42 U.S.C. § 1981 by subjecting her to terms and conditions of employment that were less favorable and/or more onerous than those enjoyed by similarly situated employees who did not engage in protected conduct, and by terminating her employment.

38. Justus's unlawful actions were intentional, willful, and done in reckless disregard of Murray's rights as protected by Section 1981.

### VI. Relief Sought.

**WHEREFORE,** Murray respectfully prays that the Court enter judgment in her favor and:

a) Order that Justus be ordered to reinstate Murray to her former position, or grant her front pay in lieu thereof;

b) Order that Justus be enjoined from further actions in violation of Title VII and Section 1981;

c) Order that Justus to pay Murray for all financial losses she has incurred as a result of its unlawful conduct, including, but not limited to her lost wages ad benefits;

d) Order Justus to pay compensatory damages to Murray, to compensate her for the emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of prestige and esteem, damage to personal and professional reputation and impaired opportunities for advancement and future employment that she has suffered a result of Justus's unlawful acts in violation of Title VII and Section 1981;

e) Order Justus to pay punitive damages to Murray for its intentional violations of Title VII and Section 1981;

f) Order prejudgment and postjudgment interest on all sums recoverable;

g) Order Justus to pay Murray's attorney fees and costs, and;

h) Order all other relief that is just and proper.

## VII. Demand for Trial by Jury.

The Plaintiff, Diane Murray, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

_____
Jay Meisenhelder, Atty. No. 19996-49
Employment & Civil Rights Advocacy Services
136 East Market Street, Suite 200
Indianapolis, Indiana 46204
Telephone:   317/634-2200
Facsimile:   317/634-2776
Email:       jaym@reubenlaw.net

Attorney for Plaintiff